Hillsborough Probate Court,
No. 4259.

IN RE ADELARD SIMARD ESTATE.

Submitted December 2, 1953.

Decided January 29, 1954.

*Louis M. Janelle,* attorney for the executrix, furnished no brief.

*Normand R. Pelletier,* guardian *ad litem,* furnished no brief.

GOODNOW, J. By the terms of the first paragraph of his will, the testator plainly intended that the named legatees should each have a life estate in the sum of $2,000, with the power to use so much of the same as may be needed for the legatee's own "support, care and maintenance" if "all of his own funds have been exhausted." The fact that the conditions under which each fund may be used are somewhat limited and that they are subject to a conditional charge in favor of others does not destroy the essential nature of the estate which has long been recognized here. *Smith* v. *Jewett,* 40 N. H. 530, 535; *Cobleigh* v. *Cross,* 74 N. H. 603. The testator made no provision for a trustee to administer the separate life estates and we are of the opinion that no trust should be implied.

"The fact that the [first paragraph of the] will makes no mention of a trust estate or of a trustee or in any way alludes to either, is evidence that the testator did not intend to create such an estate." *In re Gile Estate,* 95 N. H. 270, 271. The provision for a trust in the fourth paragraph of the will is a further indication that none was intended by the testator as to the first paragraph. The condition attached to each legacy that so much of it shall be used as may be necessary to provide proper care, maintenance and support to a brother of the testator and his wife concerns persons a generation older than the principal legatees and is effective only "if either or both of them ever become in need of the same during their lives." The provision is one which is incidental to the testator's intention to provide a life estate to the named legatees who were the primary objects of his bounty and imposes no requirement for the intervention of a trustee. Furthermore, the grant to each legatee of a power to dispose of the residue of his or her legacy by will to the children or spouse of the legatee, although limited, is evidence of the testator's principal intention

to provide for the named legatees or their families and of his confidence in them. We conclude that the testator's intention that the life estates be enjoyed without the offices of a trustee is clear. *In re Gile Estate,* 95 N. H. 270, and cases cited. The answer to the first question is in the affirmative.

The language of the fourth paragraph of the will states the intention of the testator to establish a trust as to the residue of his estate. The gift is described as one "in trust" and the paragraph is replete with customary trust provisions concerning the investment of the fund and the distribution of principal and income to the beneficiaries. No intention to make a beneficial gift to the named trustee individually is indicated but it is specifically provided that not only the nephews and nieces named in the first paragraph of the will but also their children might receive help from the fund if in need of it. The intention that the residue be held in trust is so evident that it must be carried out unless the terms of the trust are so vague and indeterminate as to make enforcement impossible. *Amoskeag Trust Co.* v. *Haskell,* 96 N. H. 89, 91, and cases cited.

The beneficiaries of the trust are definite and ascertainable. They are the members of a clearly defined class, capable of delimitation, composed of the testator's nephew Jacques Simard, those nephews and nieces named in the first paragraph of the will and the children of those nephews and nieces "who are born within the time which would not make this gift violate the rule against Perpetuities." *Clark* v. *Campbell,* 82 N. H. 281, 286. The purposes of the trust are likewise definite. As to Jacques, the trust is established to provide him with such of the income and principal as may be necessary for the completion of his education and as to any of those from time to time falling within the group composed of the named nephews and nieces and their children, it is to be used "to help [them] out" whenever in the trustee's discretion "they are in need." Although the interest of each beneficiary who falls within the designated class is made contingent as to its extent by the need of the particular beneficiary and the exercise of the trustee's discretion in his favor, it is nonetheless a valid one. Restatement of Trusts, *s.* 129, *comment* d.

The only basis on which the trust can be said to be indefinite concerns the failure of the will to designate the time during which it is to continue and to provide for a gift over of the remainder of the fund at its termination. We cannot say that the testator's

intention as to these important matters may be found from the language of the will and the facts before us. They apparently were not specifically considered by him but if we can reasonably ascertain his desires from the will, we can and should give effect to them rather than negative his otherwise plain intent by invalidating the trust. *Roberts* v. *Tamworth*, 96 N. H. 223, 225. It seems clear to us that the testator wished to have a fund available for the use of certain persons if they were in need. This would imply, in the absence of a time limitation, a desire that the fund be available for their use so long as any member of that class was living. The fact that under certain circumstances, upon termination of one of the life estates provided in the first paragraph, a gift over to this residue might result and the fact that the children of the named nephews and nieces born within a certain period after the testator's death were to benefit if "in need" confirm our opinion that the trust was intended to continue until the death of the last survivor of that class.

The will makes no provision for a gift over upon the termination of the trust. From the reference in the will to the rule against perpetuities as well as the limitation of the class to be benefited during the term of the trust, it is evident that the testator knew that the trust must at some time end, yet he failed to provide for a gift over of such balance as might then remain in the fund. His detailed attention to the manner in which the trust estate should be handled during the lifetime of the beneficiaries points to the conclusion that he failed to provide a gift over either through inadvertence or because as to it he intended to die intestate. Under these circumstances, the presumption against partial intestacy does not supply a contrary intention for the testator. *Heffenger* v. *Heffenger*, 89 N. H. 530, 531, 532. There being no provision for the disposition of the balance of the trust remaining in the hands of the trustee upon its termination and none having been intended, it passes as intestate property. *In re Byrne Estate*, 98 N. H. 300, 304. The answer to the second question is in the negative.

An answer to the third question would involve advice or instructions to a fiduciary. Such a question must be addressed to the Superior Court within whose jurisdiction it falls. *Duncan* v. *Bigelow*, 96 N. H. 216, 218; *Rockwell* v. *Dow*, 85 N. H. 58. See *In re Byrne Estate, supra*. In view of the answers given in this

opinion to the first two questions, the remaining questions transferred require no answers.

*Case discharged.*

LAMPRON, J., did not participate; the others concurred.